1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID EDWARD WEED, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES WILLIAM WEED, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. |
| v. | ) | |
| | ) | COMPLAINT FOR DAMAGES |
| THE CITY OF SEATTLE, | ) | |
| a municipal corporation, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TERRY DUNN, in his | ) | |
| capacity as a police officer for the | ) | |
| City of Seattle and as an individual, | ) | |
| | ) | |
| and | ) | |
| DALE DAVENPORT, in his capacity | ) | |
| as a police officer for the City of | ) | |
| Seattle and as an individual, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMPLAINT FOR DAMAGES - 1

## INTRODUCTION

1.      This is a civil action seeking damages against the above-named defendants. The civil claims include common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America.

## JURISDICTION AND VENUE

2.      This Court has personal and subject matter jurisdiction over plaintiffs' federal civil rights claims under Title 42, United States Code, § 1983, and Title 28, United States Code, §§ 1331 and 1343(a)(3).

3.      This Court has pendent jurisdiction over plaintiffs' state law claims and over defendants as to said claims, pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

4.      The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the State of Washington.

5.      Plaintiffs are residents and citizens of the state of Washington.

6.      Venue in this Court is proper pursuant to Title 28, United States Code, § 1391.

## PARTIES

7.      Plaintiff David Edward Weed is a citizen of the United States and a citizen and resident of the state of Washington.

8.      Plaintiff James William Weed is a citizen of the United States and a citizen and resident of the state of Washington.

9.      Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington.  Defendant City of Seattle is sued directly under Title 42, United

COMPLAINT FOR DAMAGES - 2

States Code, § 1983 as to the federal claims, and under the doctrine of *respondeat superior* as to the state law claims herein.

10.     Defendant City of Seattle includes, as one of its agencies, the City of Seattle police department.

11.     At all times material to this complaint, defendant Terry Dunn was a police officer employed by defendant City of Seattle.  At all times material to this complaint, defendant Terry Dunn was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

12.     Defendant Terry Dunn is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

13.     At all times material to this complaint, defendant Dale Davenport was a police officer employed by defendant City of Seattle.  At all times material to this complaint, defendant Dale Davenport was an agent and employee of defendant City of Seattle and was acting within the scope of his employment with the City of Seattle, under color of the laws of the State of Washington.

14.     Defendant Dale Davenport is sued in his individual capacity and in his official capacity as an agent and employee of defendant City of Seattle.

## FACTUAL ALLEGATIONS

15.     On or about September 5, 2008, plaintiff David Edward Weed and his brother, James William Weed, were in their home on Queen Anne Hill in Seattle, Washington.

16.     Defendant Seattle police officer Terry Dunn, accompanied by other officers, including defendant Davenport, went to the home because of an alleged report of loud music.

17.     When defendant Dunn and the other officers arrived at the door of the home, plaintiff David Weed answered the door.

18.     The music had been turned off.

COMPLAINT FOR DAMAGES - 3

19.     David Weed was cooperative.

20.     Defendant Dunn forced his way into the Weed home.

21.     Dunn did not have a warrant authorizing his entry.

22.     Dunn did not have probable cause.

23.     Dunn did not have permission to enter the Weed home.

24.     There were no exigent circumstances at the time of entry.

25.     After entry, defendant Dunn punched David Weed's head from the rear.

26.     Dunn punched David Weed again, this time in the face.

27.     Dunn knocked David Weed down onto the floor of the home.

28.     Dunn got on top of plaintiff David Weed.

29.     Dunn ground his knee into Mr. Weed's head, until blood came from David Weed's nose.

30.     Plaintiff David Weed was unarmed.

31.     David Weed did not pose an immediate threat to the safety of the officers.

32.     David Weed did not assault defendant Dunn or any other officer.

33.     David Weed did not resist arrest.

34.     David Weed did not attempt to evade arrest by flight.

35.     The force used by defendant Dunn against David Weed was unnecessary under the circumstances.

36.     The force used by defendant Dunn against David Weed was unreasonable under the circumstances.

37.     As plaintiff James Weed stood inside his home, he was tasered by defendant Davenport.

38.     A taser weapon delivers electric shocks to a human target when fired.

COMPLAINT FOR DAMAGES - 4

39.     According to media reports, more than one hundred persons have died after being shot with a taser weapon.

40.     The firing of a taser at a human being creates a substantial risk of death or serious bodily injury.

41.     When plaintiff James Weed was shot with the taser by defendant Davenport, he fell to the floor.

42.     While James was on the floor, defendant Davenport fired his taser at James Weed a second time, striking Mr. Weed's abdomen.

43.     Plaintiff James Weed was unarmed.

44.     James Weed did not pose an immediate threat to the safety of the officers.

45.     James Weed did not resist arrest.

46.     James Weed did not attempt to evade arrest by flight.

47.     James Weed did not assault defendant Dunn or any other officer.

48.     The force used by defendant Davenport against James Weed was unnecessary under the circumstances.

49.     The force used by the defendant Davenport against James Weed was unreasonable under the circumstances.

50.     The officers removed taser wires from James Weed's body.

51.     David Weed told officers present that he did nothing wrong and that he was the victim.

52.     David and James Weed were handcuffed, taken to a patrol car, and transported to the King County jail.  They were detained in jail from Thursday until Saturday evening, when bond was posted.

53.     On or about October 24, 2008, the Seattle police returned to the Weed home and arrested both David and James Weed again on the same charge.

COMPLAINT FOR DAMAGES - 5

54.     Both David and James Weed were again detained in the King County jail.

55.     They were released the next day after bond was again posted.

56.     The arrests were without probable cause.

57.     David and James Weed, and Molly and Megan Simmons (who were present in the Weed home), were charged with assaulting Officer Dunn. based on his claims.  All were innocent.

58.     The plaintiffs, through their defense counsel, engaged in extensive investigation and pretrial preparation at significant expense to the plaintiffs.

59.     Officer Dunn and Seattle Police Department witnesses in the case were interviewed, on tape, in the presence of the prosecutor and all defense counsel.

60.     After the interviews were completed, the King County prosecutor's office secured a Superior Court order dismissing the charges against David Weed, James Weed, Molly Simmons and Megan Simmons, in the interests of justice.

61.     As a proximate cause of the acts and omissions of defendants, plaintiffs suffered personal injuries, including, but not limited to, pain and suffering, loss of liberty, emotional distress, economic loss,  and other consequential damages.

FIRST CAUSE OF ACTION:
VIOLATION OF THE FOURTH AMENDMENT PROHIBITION
AGAINST UNREASONABLE SEIZURES

62.     Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 61.

63.     The acts and omissions of defendants herein were done under color of state law, custom or usage.

64.     Plaintiff David Weed was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

COMPLAINT FOR DAMAGES - 6

65.     Plaintiff David Weed had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

66.     The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of David Weed.

67.     James Weed was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants set forth herein.

68.     James Weed had a federally-protected right, under the Fourth Amendment, not to be subjected to an unreasonable seizure.

69.     The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of James Weed.

70.     As a proximate result of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

<u>SECOND CAUSE OF ACTION:</u>
<u>WARRANTLESS ENTRY INTO HOME WITHOUT</u>
<u>WARRANT IN VIOLATION OF THE FOURTH AMENDMENT</u>

71.     Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 70.

72.     The acts and omissions of defendants herein were performed under color of state law, custom or usage.

73.     Plaintiff David Weed had a federally-protected right, under the Fourth Amendment to the United States Constitution, not to have his home entered without a warrant.

74.     Plaintiff James Weed had a federally-protected right under the Fourth Amendment to the United States Constitution not to have his home entered without a warrant.

COMPLAINT FOR DAMAGES - 7

75.     The acts and omissions of defendants herein proximately caused the deprivation of the Fourth Amendment rights of the plaintiffs.

76.     As a proximate cause of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

THIRD CAUSE OF ACTION:<br>ARREST WITHOUT PROBABLE CAUSE<br>IN VIOLATION OF THE FOURTH AMENDMENT

77.     Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 76.

78.     The acts and omissions of defendants herein were performed under color of state law, custom or usage.

79.     David Weed was arrested, for purposes of the Fourth Amendment, when he was seized, handcuffed, and taken into custody.

80.     David Weed had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

81.     The defendants lacked probable cause to arrest David Weed.

82.     The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of David Weed's Fourth Amendment rights.

83.     James Weed arrested, for purposes of the Fourth Amendment, when he was seized, handcuffed, and taken into custody.

84.     James Weed had a federally-protected right, under the Fourth Amendment, not to be arrested by defendants without probable cause.

85.     The defendants lacked probable cause to arrest James Weed.

86.     The acts and omissions of defendants herein, and each of them, proximately caused the deprivation of James Weed's Fourth Amendment rights.

COMPLAINT FOR DAMAGES - 8

87.     As a proximate result of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

FOURTH CAUSE OF ACTION:<br>
VIOLATION OF FOURTH AMENDMENT PROHIBITION<br>
AGAINST THE USE OF UNREASONABLE FORCE

88.     Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 87.

89.     The acts and omissions of defendants herein were done under color of state law, custom or usage.

90.     Plaintiffs were seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants as set forth herein.

91.     Plaintiff David Weed had a federally-protected right, under the Fourth Amendment, not to be subjected to the use of unreasonable force against his person.

92.     Plaintiff James Weed had a federally-protected right, under the Fourth Amendment, not to be subjected to the use of unreasonable force against his person.

93.     The acts and omissions of defendants herein proximately caused the deprivation of plaintiffs' Fourth Amendment rights.

94.     As a proximate result of the acts and omissions of defendants and deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as described hereinabove.

FIFTH CAUSE OF ACTION:<br>
MUNICIPAL LIABILITY OF THE CITY OF SEATTLE

95.     Plaintiffs hereby incorporate and reallege as though fully set forth herein each and every allegation of paragraphs 1 through 94.

96.     At all times material to this complaint, defendant City of Seattle, by and through its chief of police, had in effect certain explicit and *de facto* policies, practices and

COMPLAINT FOR DAMAGES - 9

customs which were applied to the warrantless entry into the Weed family home and the detention and arrest of David and James Weed.

97.     For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to arrest and detain the plaintiffs without probable cause in violation of their Fourth Amendment rights as set forth hereinabove.

98.     It was further the policy of the City of Seattle, by and through its chief of police to approve, acquiesce, condone and ratify the unreasonable seizure and detention of the plaintiffs in the incident described hereinabove, in violation of their Fourth Amendment rights.

99.     The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the unreasonable seizure and detention of the plaintiffs in the incident described herein, in violation of their Fourth Amendment rights, was a deliberate choice by defendant City of Seattle, by and through its chief of police.

100.    For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to utilize unreasonable force in violation of the Fourth Amendment rights of plaintiffs David and James Weed in the arrest process, set forth hereinabove.

101.    It was further the policy of the City of Seattle, by and through its chief o police, to approve, acquiesce, condone and ratify the actions of the individual defendants in violation of the Fourth Amendment rights of the plaintiffs in the incident described hereinabove.

102.    For purposes of the incident described herein, it was the policy, custom and practice of the City of Seattle to enter the plaintiffs' home without a warrant in violation of their Fourth Amendment rights as set forth hereinabove.

103.    It was further the policy of the City of Seattle, by and through its chief of police, to approve, acquiesce, condone and ratify the warrantless entry into the home of the

COMPLAINT FOR DAMAGES - 10

plaintiffs in the incident described hereinabove, in violation of their Fourth Amendment rights.

104.    The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the warrantless entry into the home of the plaintiffs in the incident described herein, in violation of their Fourth Amendment rights, was a deliberate choice by defendant City of Seattle, by and through its chief of police.

105.    For purposes of liability for said policies, practices and/or customs, the chief of police was the authorized policy-maker on police matters, and his decisions, explicit and *de facto*, were and are binding on defendant City of Seattle.

106.    These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove.

107.    The above-described policies, practices and customs of defendant City of Seattle proximately caused the deprivation of the Fourth Amendment rights of the plaintiffs.

108.    As a proximate result of the above-described policies, practices and customs of defendant City of Seattle, and as a result of the deprivation of plaintiffs' Fourth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

109.    At all times material herein, defendant City of Seattle had a duty, under the United States Constitution, to properly supervise Seattle police officers.

110.    At all times material herein, defendant City of Seattle had a duty, under the Fourth Amendment to the United States Constitution, to train Seattle police officers not to enter the plaintiffs' home without a warrant, without consent or without exigent circumstances, arrest them without probable cause, or use unreasonable force in the arrest process.

111.    Defendant Dunn has a prior disciplinary history.

112.    Defendant City of Seattle failed to properly supervise the individual defendants.

COMPLAINT FOR DAMAGES - 11

113.   Defendant City of Seattle failed to properly train the individual defendants.

114.   The above-described failures to supervise and train were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove.

115.   The above-described failures by defendants to properly supervise and to properly train the individual defendants proximately caused the deprivation of the constitutional rights of the plaintiffs as set forth hereinabove.

116.   As a proximate result of the failure of defendants to properly supervise and train, and as a result of the deprivation of plaintiffs' constitutional rights, plaintiffs suffered personal injuries as set forth hereinabove.

SIXTH CAUSE OF ACTION:<br>ASSAULT AND BATTERY

117.   Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 116.

118.   Defendants assaulted and battered plaintiffs David Weed and James Weed.

119.   Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.  Defendants Dunn and Davenport are not being sued individually in this cause of action.

120.   As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

COMPLAINT FOR DAMAGES - 12

1

2

SEVENTH CAUSE OF ACTION:
FALSE ARREST/FALSE IMPRISONMENT

3

   121. Plaintiffs hereby incorporate and reallege as if fully set forth herein each and

4

every allegation of paragraphs 1 through 120.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES - 13

122.    Defendants arrested and imprisoned plaintiffs David Weed and James Weed without probable cause.

123.    Defendant City of Seattle is liable for the actions of the individual defendant under the doctrine of *respondeat superior*.  Defendants Dunn and Davenport are not being sued individually in this cause of action at this time.

124.    As a direct, proximate and foreseeable result of the wrongful actions described hereinabove, plaintiffs have been damaged in an amount in excess of the minimum jurisdiction of this Court.

<u>EIGHTH CAUSE OF ACTION:</u>
<u>PROPERTY DAMAGE, TRESPASS AND/OR WASTE</u>

125.    Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 124.

126.    As a direct, proximate and foreseeable result of defendants' actions, damage was caused to plaintiffs' property.

127.    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.  Defendants Dunn and Davenport are not being sued individually in this cause of action at this time.

<u>NINTH CAUSE OF ACTION:</u>
<u>PROSECUTION WITHOUT PROBABLE CAUSE/</u>
<u>MALICIOUS PROSECUTION IN VIOLATION OF</u>
<u>THE FOURTH AMENDMENT</u>

128.    Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 127.

129.    The acts and omissions of defendants herein were done under color of state law, custom, or usage.

COMPLAINT FOR DAMAGES - 14

130.    Defendants instituted a criminal action against the plaintiffs.

131.    The prosecution ended in the plaintiffs' favor on or about September 4, 2009.

132.    The criminal proceeding was initiated without probable cause.

133.    Plaintiffs had a federally-protected right, under the Fourth and Fourteenth Amendments to the United States Constitution, not to be subjected to prosecution without probable cause.

134.    Defendant Dunn acted maliciously for purposes of the Fourth and Fourteenth Amendments.

135.    The acts and omissions of defendant Dunn herein proximately caused the deprivation of plaintiffs' Fourth and Fourteenth Amendment rights.

136.    As a proximate result of the acts and omissions of defendants and deprivation of their Fourth and Fourteenth Amendment rights, plaintiffs suffered personal injuries as set forth hereinabove.

TENTH THIRD CAUSE OF ACTION:
MALICIOUS PROSECUTION UNDER STATE LAW

137.    Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 136.

138.    The acts and omissions of defendants herein were done under color of state law, custom, or usage.

139.    Defendants instituted a criminal action against the plaintiffs.

140.    The prosecution ended in the plaintiffs' favor on or about September 4, 2009.

141.    The criminal proceeding was initiated without probable cause.

142.    Defendant Dunn acted maliciously.

143.    As a proximate result of the acts and omissions of defendants, plaintiff David Weed suffered personal injuries as set forth hereinabove.

COMPLAINT FOR DAMAGES - 15

144.    As a proximate result of the acts and omissions of defendants, plaintiff James Weed suffered personal injuries as set forth hereinabove.

145.    Defendant City of Seattle is liable for the actions of the individual defendants under the doctrine of *respondeat superior*.  Defendants Dunn and Davenport are not being sued individually in this cause of action at this time.

<u>PUNITIVE DAMAGES ALLEGATIONS</u>

146.    Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 145.

147.    The acts and omissions of defendant Dunn herein were motivated by evil motive or intent, or involved reckless or callous indifference to the constitutional rights of the plaintiffs as set forth hereinabove.

148.    Defendant City of Seattle should indemnify defendants Dunn and Davenport for any damages awarded against them at the trial of this action, including punitive damages.

<u>JOINT AND SEVERAL LIABILITY</u>

149.    The City of Seattle is responsible for the fault of the individual defendants because the individual defendants were acting as agents or servants of the City of Seattle. The City of Seattle is liable for all damages awarded against the individual defendants, including punitive damages.  RCW 4.22.070(1)(a).

150.    Since plaintiffs are fault-free, the City of Seattle is jointly and severally liable for all damages awarded, including punitive damages.  RCW 4.22.070(1)(b).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiffs pray for relief as follows:

<u>Compensatory Damages</u>:  The defendants should be required to pay compensatory damages in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 16

1         Punitive Damages: The defendants should be required to pay punitive damages in an
2    amount to be proven at trial pursuant to Title 42, United States Code, § 1983; Title 42,
3    United States Code, § 1988; RCW 4.22.070(1)(a); and RCW 4.22.070(1)(b).
4         Attorneys' Fees: The defendants should be required to pay the plaintiffs' reasonable
5    attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.
6         Other Relief:  The Court should grant the plaintiffs such other and further relief as
7    the Court deems just and equitable.
8         DATED this the 6th day of August, 2010.
9                   Respectfully submitted,
10                  MUENSTER & KOENIG

12   By: S/John R. Muenster
                   JOHN R. MUENSTER
13                      WSBA No. 6237
                   Attorney at Law
14
15   CULLEN & BERNSTEIN

17   By: S/Paul A. Cullen
                   PAUL CULLEN
18                      Attorney at Law
                   WSBA No. 7132
19   CULLEN & BERNSTEIN

21   By: S/Paul J. Bernstein
                   PAUL BERNSTEIN
22                      Attorney at Law
                   WSBA No. 385
23
24   Of Attorneys for Plaintiffs