UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID EDWARD WEED and JAMES WILLIAM WEED,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SEATTLE, TERRY DUNN, and DALE DAVENPORT,<br><br>Defendants. | CASE NO. C10-1274-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL |

**I. INTRODUCTION**

This matter comes before the Court upon Plaintiffs' Motion for a New Trial (Dkt. No. 90). For the reasons set forth below, the motion is DENIED.

**II. DISCUSSION**

Plaintiffs argue three bases for the court to grant a new trial: (1) the verdict is against the weight of evidence; (2) the court should have admitted evidence of Officer Dunn's disciplinary history, especially because of the purported false light in which Dunn was painted by the

defense; and (3) evidence may exist of improprieties during jury deliberations. Defendants respond that the weight of the evidence supports the verdict, that Officer Dunn's prior history was properly excluded, and that no admissible evidence exists regarding jury deliberation improprieties. Defendants also move to strike Plaintiffs' reply for failing to comply with the local rules and for containing new argument and evidence not submitted in their original motion. Defendants additionally move to strike the declaration of David Weed as inadmissible hearsay. The Court considers each of these issues in turn.

**A. Motions to Strike**

Defendants move to strike Plaintiffs' reply as exceeding the page limit set by the local rules. "Motions noted under Local Rule CR 7(d)(3) and briefs in opposition shall not exceed twelve pages. Reply briefs shall not exceed six pages." Local Rule CR 7(e)(4). Plaintiffs' motion for a new trial is 22 pages long. Plaintiffs' reply is 24 pages long. The Court will not strike the excess pages from Plaintiffs' moving brief because (1) Defendants did not move to strike these pages and (2) because Defendants themselves filed a response brief that was just over 18 pages long. Nonetheless, the Court GRANTS Defendants' motion to strike the excess pages from Plaintiffs' reply brief. The Court will consider only the first 6 pages of Plaintiffs' reply brief.

Defendants also move to strike portions of Plaintiffs' reply brief relating to a telephone conversation between Juror No. 4 and David Weed following the conclusion of the trial. The Court was aware that a telephone conversation had taken place between a juror and one of the Plaintiffs, although it did not know the specific content of the conversation nor which juror had called the Plaintiff. Indeed, the Court had previously granted Plaintiffs' counsel permission to contact the juror while in the telephonic or physical presence of Defendants' counsel. Dkt. No. 86. Plaintiffs' counsel never did so. Instead, in their reply brief to this motion, Plaintiffs recount

what purportedly was said during the conversation between Juror No. 4 and David Weed. Plaintiffs aver that the juror told David Weed that (1) another juror received text messages from her husband about the existence of media coverage of the case and commented on them to the other jurors during trial and that (2) the verdicts were not supported by the required vote of six jurors – that the vote had actually been 5 to 3. Dkt. No. 95, p. 3. Plaintiffs also provide a sworn declaration by David Weed indicating that the juror told him that, had the jury known of Officer Dunn's prior history, the verdict would have been different. *See* Dkt. No. 98. The declaration also explains that the text messages that one of the jurors received were sent "to notify the jurors not to read the newspaper." *Id.* at ¶ 6.

As of the date of this order, Plaintiffs have had over three months to contact the juror and present this Court with admissible evidence regarding their allegations of impropriety during deliberations. Plaintiffs, however, have failed to even establish contact with the juror. Moreover, Plaintiffs have not provided the Court with any information regarding why they have not contacted the juror. The Court must assume that admissible evidence regarding purported improprieties during deliberations does not exist.

Defendants move to strike both David Weed's declaration and the references in the reply brief to what the juror told David Weed. The motion is GRANTED. David Weed's declaration is inadmissible hearsay for which no exception applies. *See* Fed. R. Civ. P. 801 & 802. The references to the juror's statements in the reply brief are improper as they constitute argument raised for the first time in a reply brief and they rely on inadmissible hearsay.

Finally, the Court notes that, even if it were to consider the stricken declaration and portions of the reply brief, the information likely would not warrant granting Plaintiffs' motion for a new trial. The declaration states that "the attorney husband of one of the jurors sent his

wife text messages during the trial to notify the jurors not to read the newspaper." Dkt. No. 98, ¶ 6. An unauthorized communication between a juror and a third party is not presumptively prejudicial if it is *de minimis. Caliendo v. Warden,* 365 F.3d 691 (9th Cir. 2004). A communication is *de minimis* if it does not present a risk of influencing the verdict. *Id.* at 697. In assessing whether an ex parte contact is *de minimis,* the court considers whether the unauthorized communication between a juror and a third party concerned the case, the length and nature of the contact, the identity and role at trial of the parties involved, evidence of actual impact on the juror, and the possibility of eliminating prejudice through a limiting instruction. *Id.* at 697-98.

Here, the text messages between the juror and her husband and the subsequent communication of those messages to the jury were *de minimis.* The communications did not present a risk of influencing the verdict. Rather, the actual information transmitted was harmless to the plaintiffs, indicating only that media coverage existed regarding the trial. Plaintiffs do not explain how such information would be prejudicial, nor do they contend that the messages relayed contained any information about the actual content of that media coverage. Indeed, the juror's husband's purpose in sending the messages, however misguided, appears to have been to *prevent* any of the jurors from seeing media coverage that would in fact present a risk of influencing the verdict. The communications did not come from somebody with a motive to influence the case – they came from a husband of a juror, who had no connection to the litigation. Addressing the length and nature of the contact, the communications were in the form of text messages, which are by their nature brief and fleeting. Finally, the Court reminded the jury on several occasions to consider only the evidence presented during the trial. Therefore,

even if the Court were to consider Plaintiffs' inadmissible evidence of juror communications with a third party, the Court would not grant Plaintiffs' motion for a new trial.

Similarly, the Court would not grant Plaintiffs' motion for a new trial based on the allegation that the jury's vote had been only 5 to 3 in favor of Defendants, rather than the required 6 to 2. This allegation is directly contradicted by evidence in the record that, upon conclusion of the trial, each juror was polled regarding the verdict in this case. None of the jurors responded that they had reason to believe that less than 6 jurors had found in favor of the defendants.

Finally, the juror's purported statement that the verdict would have been different had Officer Dunn's prior history been admitted into evidence is irrelevant. The Court did not exclude evidence about Officer Dunn because it thought that it would have no effect on the jury.

**B. Motion Pursuant to Rule 59(a)**

Rule 59(a) provides that "[a] new trial may be granted ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1035 (9th Cir.2003). Rather, the court is "bound by those grounds that have been historically recognized." *Id.* Historically recognized grounds include, but are not limited to, claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S. Ct. 189, 85 L. Ed. 147 (1940). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d

493, 510 n. 15 (9th Cir.2000). The Court may not grant a new trial simply because it would have arrived at a different verdict. *Silver Stage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001).

1. <u>Weight of the Evidence</u>

This was a close case. Much of the evidence consisted of conflicting testimony regarding the events that transpired on the night of Plaintiffs' arrest. The jury apparently chose to credit Defendants and the Defendants' witnesses over the Plaintiffs and their witnesses. The Court will not supplant the jury's sound judgment with its own because the jury's verdict is not contrary to the weight of the evidence.

Plaintiffs argue that the weight of the evidence did not support the jury's defense verdict on the warrantless entry and state law trespass claims. The Court disagrees. The elements of the Fourth Amendment warrantless entry claims were set forth in instruction No. 11; the elements of the state law trespass claims are set forth in instruction No. 23. *See* Dkt. No. 76. Officer Dunn testified that he instinctively placed his boot in the threshold of the door when it was slammed shut. Dkt. No. 94, Ex. 2. He testified that he did not intend to enter the house when he crossed the threshold. *Id.* When the door popped back open, he saw David standing in the doorway and instinctively moved to the side to be at an angle to him. *Id.* Officer Davenport testified that he entered the home after David Weed pushed Officer Dunn. *Id.* At Ex. 1. The Plaintiffs offer conflicting testimony and Officer Luong's testimony supports neither the Defendants nor the Plaintiffs. Molly Simms' testimony supports Plaintiffs' version of events, but later testimony demonstrated that Molly Simms' sister was dating one of the Plaintiffs.

The Court assumes that the jury credited the testimony of the officers over the Plaintiffs and Molly Simms. Having done so, the jury would have found that Officer Dunn's step into the doorway was an unintentional, instinctive reaction to the door being slammed in his face. The

evidence also supported a finding that the second step was instinctual. Plaintiffs argue that they are not required to prove specific intent to succeed on their claims for warrantless entry and trespass; that Officer Dunn, in crossing the threshold, *ipso facto* violated the Fourth Amendment prohibition against warrantless entry. *See Graham v. Connor,* 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443, 456 (1989); *Vaughan v. Cox,* 343 F.3d 1232, 1329 (11th Cir. 2003). While it is true that Plaintiffs need not prove specific intent to break the law, Plaintiffs *do* need to prove that the entry into the Weeds' home was intentional, as opposed to a mere accident. *Cf. Brower v. County of Inyo,* 489 U.S. 593, 596–597, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989) ("[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied.*") (emphasis in original). Here, the evidence supported a finding that the entry was in fact an unintentional response to the stimulus of the door slamming. Finally, with respect to Officer Davenport, the evidence also supported a finding that, after David Weed pushed Officer Dunn, exigent circumstances existed to enter the home and assist Officer Dunn. For purposes of the state law claim, Officer Davenport had a limited privilege to enter the house at that point.

Plaintiffs also argue that the defense verdicts on the excessive force and state law battery claims were against the weight of evidence. Jury instruction number 17 sets forth the elements of the excessive force claims; instruction number 20 sets forth the elements of the state law battery claims. *See* Dkt. No. 76. The jury was instructed to consider several factors in evaluating the amount of force used in arresting the Weed brothers, including the severity of the

crime, whether plaintiff posed an immediate threat to the safety of the officers or to others, whether the plaintiff was actively resisting arrest or attempting to evade arrest, the amount of time and any changing circumstances during which the officer had to determine the type and amount of force used, the type and amount of force used, and the availability of alternative methods. *See* Dkt. No. 76.

As with the warrantless entry and trespass claims, the testimony of the Plaintiffs differed wildly from the testimony of the officers. However, the verdict was not against the clear weight of the evidence. The officers testified that the Plaintiffs initiated the altercation, that they punched Officer Dunn, that they refused to obey orders, and that one of the third parties present reached for Officer Dunn's weapon. Dkt. No. 95, Exs. 1 & 2. The entire altercation lasted a matter of seconds and the evidence regarding the severity of injury sustained by the Plaintiffs was sparse. Assuming that the jury credited the officers' testimony over that of the Plaintiffs', the jury's verdicts in favor of the defense on the excessive force and state law battery claims were not against the weight of the evidence.

2. Exclusion of Officer Dunn's Prior History

Prior to trial, Plaintiffs moved to admit evidence of Officer Dunn's prior disciplinary history, including evidence of an altercation between Officer Dunn and a citizen in which Officer Dunn was initially found to have used excessive force and engaged in conduct unbecoming of an officer. *See* Dkt. No. 36, Ex. A. Chief Kerlikowske suspended Officer Dunn without pay and ordered 5 days of his leave forfeited. *Id.* at B. Dunn, however, appealed to the Public Safety Civil Service Commission and a majority reversed the suspension. *Id.* at Ex. C. Plaintiffs argued in pretrial briefing that Officer Dunn's disciplinary history was admissible, notwithstanding the reversal on appeal, because it gave Dunn a motive to lie about what happened with the Weed brothers so that he could avoid another excessive force allegation. The

1 | Court disagreed and denied Plaintiffs' motion in limine prior to trial. Dkt. No. 49. Plaintiffs
2 | renewed their motion on the fourth day of trial, rearguing that Dunn's disciplinary history
3 | showed a motive to lie and should be admitted. The Court denied the renewed motion.

Plaintiffs now argue that Defendants' characterization of Officer Dunn during the trial and in closing argument placed Officer Dunn in a false light, opening the door to introduction of Dunn's disciplinary incidents. The Court again disagrees. First, this argument should have been brought in a motion for reconsideration of the Court's order denying Plaintiff's motion to admit the evidence. *See* Local Rule 7(h) (providing that a motion for reconsideration should be filed within fourteen days of the order to which it relates). Second, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence may be admitted for other purposes, such as to prove a motive to lie. *Id.* Here, however, Officer's Dunn's suspension was reversed. Therefore, he did not have a "prior history" of using excessive force that would motivate him to lie about the events that took place at the Weed brothers' residence. *See* Fed. R. Evid. 404(b). Third, admitting evidence of Officer Dunn's overturned suspension would be more prejudicial than probative in this case, since the jury would likely not give due weight to the fact that the suspension was overturned. *See* Fed. R. Evid. 403.

Finally, while Defendants' and Defendants' counsel's characterization of Officer Dunn during trial came close to opening the door to Defendants' prior history, Defendants were careful to limit the characterization to that specifically of Dunn's history *in responding to noise complaints*. *See e.g.,* Dkt. No. 88, p. 14, Ex. F ("Now, did Terry Dunn have any intent to enter that house that night? Well, let's take a look at what the evidence has shown about his history. Lots and lots of noise ordinance violations, dozens, maybe hundreds. Never a problem." ); Dkt.

No. 88, p. 30, Ex. F ("[T]he only way the plaintiffs' case makes any sense is if you believe that two reasonable police officers, who have dealt with this very scenario dozens and hundreds of times, for no reason whatsoever decided to go crazy that night, together. That didn't happen."). The Court finds that Defendants did not open the door to Officer Dunn's prior history and that the failure to introduce the evidence of the prior history did not result in a miscarriage of justice.

### III. CONCLUSION

Having considered Plaintiff's motion, the response and reply thereto, all declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's motion for a new trial is DENIED.

(2) The Clerk of the Court is directed to forward a copy of this order to all counsel of record.

DATED this 16th day of February 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE