UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID EDWARD WEED and JAMES WILLIAM WEED,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SEATTLE, TERRY DUNN, and DALE DAVENPORT,<br><br>Defendants. | CASE NO. C10-1274-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This matter comes before the Court upon Plaintiffs' Motion for Reconsideration Re: Motion for a New Trial (Dkt. No. 103). Motions for reconsideration are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). Plaintiffs' motion consists largely of re-argument and amplification of assertions presented earlier and therefore fails to meet the standard for filing a motion for reconsideration. The Court finds that a response from Defendants is unnecessary. Nonetheless, for the purpose of clarity, the Court briefly addresses two of Plaintiffs' arguments.

First, Plaintiffs argue that the Court applied the wrong standard in considering its motion for a new trial under Fed. R. Civ. P. 59. Contrary to Plaintiff's characterization, the Court did not draw inferences in favor of the Defendants or deny Plaintiffs' motion based on a "substantial evidence" standard. Rather, the Court weighed all of the evidence and found that "the clear weight of the evidence" supported the jury's verdict. *See* Dkt. No. 101, p. 6 ("[T]he jury's verdicts in favor of the defense on the excessive force and state law battery claims were not against the weight of the evidence."); *Cf. Landes Const. Co., Inc. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir. 1987) ("The existence of substantial evidence does not, however, prevent the court from granting a motion for a new trial pursuant to Fed.R.Civ.P. 59 if the verdict is against the clear weight of the evidence."). In weighing the evidence, the Court did indicate that it assumed that the jury had credited the officers' testimony over that of the Plaintiffs. Dkt. No. 101, p. 6. The Court clarifies that the weight of the evidence supported such a conclusion. The Court did not find the Plaintiffs' testimony to be more credible than that of the officers.

Second, Plaintiffs contend that the Court "gave the police a defense which does not exist under the Fourth Amendment." Dkt. No. 103, p. 2. *See* Dkt. No. 101, pp. 6-8. In addition to the reasoning provided in its previous order, the Court notes that the Comment to the Ninth Circuit Model Jury Instruction 9.11 provides:

> Section 1983 "contains no independent state-of-mind requirement" apart from what is necessary to state a violation of the underlying constitutional right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). It is well settled that "negligent acts do not incur constitutional liability." *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir.2002). Specific intent to violate a person's rights "is not a prerequisite to liability under § 1983." *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir.1992) (citations omitted). Instead a plaintiff must prove the defendant acted with the mental state necessary to show a violation of a particular right.
> With respect to the Fourth Amendment, the Supreme Court has defined a seizure as "a governmental termination of freedom of movement *through means intentionally applied.*" *Brower v. County of Inyo*, 489 U.S. 593, 596–97 (1989) (emphasis in original). The committee assumes the same intentional mental state

is required to prove a § 1983 claim based on an unreasonable search in violation of the Fourth Amendment, although there does not appear to be any Supreme Court or Ninth Circuit decision directly on point.

Ninth Circuit Model Civil Jury Instruction 9.11. Additionally, the model instruction "includes an optional definition of the term 'intentionally' for use when it would be helpful to the jury." *Id.* The optional definition of "intentionally" states:

> A person acts 'intentionally' when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to search the plaintiff's [person] [residence] [vehicle] [other]. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

*Id.*

The Court provided the jurors with both the proposed instruction 9.11 and the optional definition. As indicated in its Order denying Plaintiffs' motion for a new trial (Dkt. No. 101), the Court believes that doing so was consistent with the law. Plaintiffs were not required to prove that Officer Dunn intended to violate Plaintiffs' Fourth Amendment Rights. Plaintiffs were, however, required to prove that Officer Dunn entered their home "with a conscious objective to engage in particular conduct." *Id.*

Having considered Plaintiffs' motion and the remainder of the record, the Court hereby DENIES Plaintiff's motion for reconsideration (Dkt. No. 103). The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

DATED this 15th day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE